UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

KRISTOPHER PADRO,

            Plaintiff,

  -against-

THE CITY OF NEW YORK, P.O. RAY
DUTTON (Shield #29141), P.O. HARTNETT
(Shield # 9018), and P.O.s "JOHN DOE" #1-5
(said names being fictitious, as the true names
are presently unknown), Individually and in
their Official Capacities.

            Defendants.
------------------------------------------------------------X

**COMPLAINT
AND DEMAND FOR
JURY TRIAL**



Plaintiff, KRISTOPHER PADRO, by his attorney, K. E. Richman, complaining of the Defendants, respectfully alleges as follows:

### PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1983, 1988, for the wrongful acts of Defendants THE CITY OF NEW YORK, P.O. RAY DUTTON (Shield #29141), P.O. HARTNETT (Shield # 9018) and P.O.s "JOHN DOE" #1-5 (said names being fictitious, as the true names are presently unknown), as Officers of the New York City Police Department, all acting under color of state law and pursuant to their authority, in violation of Plaintiff's rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983, 1988, and the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is invoked herein pursuant to the aforementioned statutory and constitutional provisions, and pursuant to 28 U.S.C. §§ 1331, 1343, this being an action seeking redress for the violation of Plaintiff's constitutional and civil rights.

## VENUE

4. Venue is properly laid in this District under 28 U.S.C. § 1391(b), this being the District in which the claim arose.

## TRIAL BY JURY

5. Plaintiff demands a trial by jury on each and every one of his claims as pled herein pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. At all times relevant hereto, Plaintiff, KRISTOPHER PADRO, was a resident of Bronx, New York.

7. At all times relevant hereto, defendant THE CITY OF NEW YORK (hereinafter, "NYC") is a municipality of the state of New York and owns, operates, manages, directs and controls the New York City Police Department, which employs the other named Defendants.

8. At all times relevant to this action, defendants P.O. RAY DUTTON (Sheild # 29141), P.O. HARTNETT (Shield # 9018) and P.O.s "JOHN DOE" #1-5 (said names being fictitious, as the true names are presently unknown), are and were police officers employed by the New York City Police Department (hereinafter, "NYPD") and acting under color of state law.

9. At all times relevant hereto and in all their actions described herein, said Defendants were acting under color of the statutes, ordinances, regulations, policies, customs and usages of the NYPD and NYC, pursuant to their authority as employees, servants and agents of the NYPD within the scope of employment and incidental to their otherwise lawful duties and functions as employees, servants, agents and police officers.

10. NYC was responsible for the hiring, training, supervision, discipline, retention and promotion of the police officers, sergeants and/or employees of the NYPD.

## FACTS

11. On September 6, 2007, at approximately 4:00 pm, at the corner of Lydig Avenue and Barnes Avenue, in Bronx County, Plaintiff, KRISTOPHER PADRO, was assaulted by the NYPD.

12. At this time, Plaintiff was a 25 year-old African American male.

13. On September 6, 2007, at approximately 4:00 pm, on the corner of Lydig Avenue and Barnes Avenue, P.O. RAY DUTTON (Sheild #29141) and P.O. HARTNETT (Shield # 9018) stopped Plaintiff despite the fact that he was merely walking down the street. One officer blew smoke in Plaintiff's face as he was questioned.

14. When Plaintiff requested badge numbers from the two officers, Defendants grabbed Plaintiff's hands and feet while pushing him to the ground. Plaintiff fell, injuring his face and shoulder.

15. Once Plaintiff was on the ground, one Defendant placed a knee on Plaintiff's back while the other Defendant kicked Plaintiff in the face. Plaintiff was sprayed in the face with mace and his face was further pushed into the ground, causing injury.

16. As a result of Defendants' actions, Plaintiff suffered physical pain and damage.

## FIRST CLAIM FOR RELIEF: DEPRIVATION OF FEDERAL CIVIL RIGHTS

17. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

18. All of the aforementioned acts of Defendants, their agents, servants and employees were carried out under color of state law.

19. All of the aforementioned acts deprived Plaintiff, KRISTOPHER PADRO, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States and in violation of 42 U.S.C. § 1983.

20. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

21. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, pursuant to the customs, usages, practices,

procedures, and rules of NYC and the NYPD, all under the supervision of ranking officers of said department.

22. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

23. By these actions, these Defendants have deprived Plaintiff of rights secured by the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983, for which the Defendants are individually liable.

## SECOND CLAIM FOR RELIEF:
## CONSPIRACY TO VIOLATE CIVIL RIGHTS

24. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

25. All of the aforementioned Defendants conspired to violate Plaintiff's civil rights by agreeing among themselves to unreasonably arrest the Plaintiff, as described above, in violation of 42 U.S.C. § 1985, for which the Defendants are individually liable.

## THIRD CLAIM FOR RELIEF:
## EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

26. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

27. The degree of force used by Defendants was excessive, unreasonable and unwarranted.

28. Defendants' actions were intentional, willful, malicious, egregious, grossly reckless, negligent, unconscionable and unprovoked.

29. As a result of the excessive force and brutality, Plaintiff sustained substantial pain, bruising and lacerations to his face, head and shoulder.

30. All of the aforementioned acts of Defendants constituted excessive force under the laws of the State of New York and they are liable for said damage. Pursuant to 28 U.S.C. § 1367, this Court has pendant jurisdiction to hear and adjudicate such claims.

### FOURTH CLAIM FOR RELIEF: ASSAULT

31. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

32. By the actions described above, the individual Defendants intentionally caused and allowed Plaintiff to be placed in apprehension of imminent harmful and offensive contact.

33. As a consequence thereof Plaintiff, KRISTOPHER PADRO, has been injured.

### FIFTH CLAIM FOR RELIEF: BATTERY

34. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

35. By the actions described above, Defendants intentionally caused and allowed Plaintiff to be struck in a harmful and offensive manner.

36. As a consequence thereof Plaintiff, KRISTOPHER PADRO, has been injured.

## SIXTH CLAIM FOR RELIEF:
## MUNICIPAL LIABILITY

37. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

38. Defendants P.O. RAY DUTTON (Shield #29141), P.O. HARTNETT (Shield # 9018) and P.O.s "JOHN DOE" #1-5 (said names being fictitious, as the true names are presently unknown) arrested Plaintiff, KRISTOPHER PADRO, notwithstanding their knowledge that said assault would jeopardize Plaintiff's liberty, well-being, safety and constitutional rights.

39. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials, with the entire actual and/or apparent authority attendant thereto.

40. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures and rules of NYC and the NYPD, all under the supervision of ranking officers of said department.

41. The aforementioned customs, policies, usages, practices, procedures and rules of NYC and the NYPD included, but were no limited to, initiating and continuing criminal proceedings without evidence of criminal activity.

42. The foregoing customs, policies, usages, practices, procedures and rules of NYC and the NYPD constituted a deliberate indifference to the safety, well-being and constitutional rights of Plaintiff, KRISTOPHER PADRO.

43. The foregoing customs, policies, usages, practices, procedures and rules of NYC and the NYPD were the direct and proximate cause of the constitutional violations suffered by Plaintiff, KRISTOPHER PADRO, as alleged herein.

44. The foregoing customs, policies, usages, practices, procedures and rules of NYC and the NYPD were the moving force behind the constitutional violation suffered by Plaintiff, KRISTOPHER PADRO, as alleged herein.

45. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff, KRISTOPHER PADRO.

46. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of Plaintiff's constitutional rights.

47. Defendant NYC, as municipal policymaker in the training and supervision of Defendant police officers, have pursued a policy and custom of deliberate indifference to the rights of persons in their domain who suffer violation of their right to freedom from the use of excessive and unreasonable force and freedom from deprivation of Liberty without Due Process of law in violation of the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983, and the Constitution and laws of the State of New York.

48. All of the foregoing acts by Defendants deprived Plaintiff, KRISTOPHER PADRO, of federally protected rights, including, but not limited to, the right:

    a. Not to be deprived of liberty without due process of law;

    b. To be free from seizure and arrest not based upon probable cause;

c. Not to have cruel and unusual punishment imposed upon him; and

d. To receive equal protection under the law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the Defendants:

1. Special and compensatory damages in the amount of ONE MILLION ($1,000,000.00) DOLLARS.

2. Punitive damages in the amount of ONE MILLION ($1,000,000.00) DOLLARS.

3. Reasonable attorney's fees and costs; and

4. Such other and further relief as this Court seems just and proper.

DATED:   New York, New York
         September 4, 2009

                                        Respectfully submitted,

                                        K. E. RICHMAN, ESQ.
                                        *Attorney for Plaintiff*
                                        Law Office of K. E. Richman LLP
                                        875 6th Avenue, 18th Floor
                                        New York, NY 10001
                                        (212) 687-8291